

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 4:26-mj-___ |
| JAIME RONQUILLO-MONROY, | |
| Defendant. | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Christopher J, Cruz, being duly sworn, depose and state:

1. I am a Deportation Officer with the United States Immigration and Customs Enforcement (ICE) in Norfolk, Virginia. I have been employed with ICE for more than eight years. I have received specialized training and have conducted numerous investigations relating to administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code.

2. My duties as a Deportation Officer with ICE include investigating administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code and seeking, when applicable, prosecution and removal of violators. I have received training in general law enforcement, including training in Title 8 & 18 of the United States Code.

3. This Affidavit is submitted in support of a criminal complaint and arrest warrant against JAIME RONQUILLO-MONROY (hereafter referred to as RONQUILLO-MONROY) for violations of Title 18, United States Code, Section 111 (assaulting, resisting, or impeding certain officers or employees) and Title 18, United States Code, Section 1361 (depredation against property of the United States).

4. The facts and information contained in this Affidavit are based upon my training and experience, personal knowledge, and observations during this investigation, as well as the observations of other agents involved in this investigation. This Affidavit contains information necessary to support probable cause, but it is not intended to include every fact and matter observed by me or known to the United States.

## SUMMARY OF FACTS TO SUPPORT PROBABLE CAUSE

5. On February 3, 2026, at approximately 0642 hours, your affiant observed a red Chevrolet cargo van bearing Virginia registration TEE4542 (hereafter "the target vehicle") traveling westbound on Pocahontas Trail near Church Street within Williamsburg, Virginia.

6. Prior to initiating any enforcement action, your affiant conducted records checks through the Department of Motor Vehicles and immigration databases, which identified the registered owner of the target vehicle as JAIME RONQUILLO-MONROY and indicated that RONQUILLO-MONROY was illegally present within the United States.

7. At approximately 0718 hours, while traveling on Interstate Highway 64 westbound near the Lightfoot Exit 234, your affiant attempted to conduct a vehicle stop of the target vehicle by activating my emergency lights and sirens, signaling the driver to pull over to the side of the road.

8. The target vehicle failed to yield to my emergency lights and sirens and continued traveling westbound, operating recklessly during a period of heavy vehicle traffic.

9. In an effort to safely bring the target vehicle to a stop, two additional federal law enforcement vehicles, also with emergency lights and sirens activated, attempted to perform a vehicle pin maneuver on the target vehicle. One government vehicle was positioned in front of the target vehicle, another was positioned on the driver's side, and my vehicle was positioned to the rear.

10. While officers were attempting to perform this maneuver, your affiant observed the target vehicle, operated by RONQUILLO MONROY, purposely and deliberately swerve within the roadway, entering into the same lane as the government vehicle positioned on its driver's side, and striking that government vehicle as it attempted to maneuver around and avoid the execution of the pin maneuver. The target vehicle struck this occupied government vehicle several times. At the time of these multiple impacts, the government vehicle was operated in a controlled manner as part of the pin maneuver and was occupied by two federal officers. The collisions caused damage to the government vehicle, which is estimated at approximately three thousand five hundred seventy dollars ($3,570).

11. The repeated striking of the occupied government vehicle by the target vehicle, during an active enforcement operation with emergency equipment activated, constituted a forcible assault, resistance, and interference with the federal officers in the performance of their official duties, and a depredation against property of the United States.

12. After several unsuccessful attempts to force the target vehicle to stop, and due to the danger posed by the reckless operation of the target vehicle by RONQUILLO-MONROY in heavy traffic, your affiant ordered all officers to terminate the vehicle pin maneuver. All government vehicles then deactivated their emergency equipment and began following the target vehicle at a safe distance.

13. During heavy vehicle traffic, RONQUILLO-MONROY continued to operate the target vehicle recklessly as it entered a construction zone. Other officers present contacted the Virginia State Police to advise them of the ongoing immigration enforcement activity.

14. RONQUILLO-MONROY continued traveling westbound on Interstate 64 until he abruptly entered a construction-zone narrow entry at a high rate of speed, nearly striking a jersey wall. Once inside the construction area, where workers were present and actively working, RONQUILLO-MONROY navigated through the construction zone to access Interstate 64 eastbound and began traveling east.

15. Once RONQUILLO-MONROY entered the construction area, officers again activated their emergency lights and sirens and followed the target vehicle.

16. Shortly after re-entering the main highway lanes, RONQUILLO-MONROY pulled the target vehicle onto the shoulder of Interstate 64 and stopped abruptly near Barnes Road within Toano, Virginia.

17. RONQUILLO-MONROY and another unknown subject then exited the vehicle and fled on foot into a wooded area.

18. Officers stopped behind the target vehicle, exited their vehicles, and pursued both individuals on foot, giving commands to stop and identifying themselves as law enforcement officers.

19. Officers successfully caught and arrested RONQUILLO-MONROY and the unknown subject in the wooded area. After his arrest, RONQUILLO-MONROY was transported to the Norfolk Federal Building for immigration removal processing.

[SPACE INTENTIONALLY LEFT BLANK]

## CONCLUSION

20. Based on the foregoing, I submit that there is probable cause to believe that:

   a. On February 3, 2026, in Toano, Virginia within the Eastern District of Virginia, RONQUILLO-MONROY did forcibly assault, resist, oppose, impede, intimidate, and interfere with federal officers and employees of the United States, namely ICE officers, while they were engaged in and on account of the performance of their official duties, in violation of Title 18, United States Code, Section 111.

   b. On the same date and within the same district, RONQUILLO-MONROY did willfully injure and commit depredation against property of the United States, namely a government-owned law enforcement vehicle, and the amount of damage to such property exceeded $1,000, in violation of Title 18, United States Code, Section 1361.

FURTHER AFFIANT SAYETH NOT.

_____
Christopher J. Cruz
Deportation Officer
U.S. Immigration and Customs Enforcement

This affidavit has been reviewed for legal sufficiency by Assistant United States Attorney Devon E.A. Heath.

Reviewed: _____
Devon E.A. Heath
Assistant United States Attorney

Respectfully submitted and attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 before me this 5th day of February 2026, in the City of Norfolk, Virginia.

_____
The Honorable Lawrence R. Leonard
United States Magistrate Judge
Norfolk, Virginia